# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Thomas A. Grantham, Jr.,**
**Petitioner Below, Petitioner**

**FILED**

**December 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 18-0651** (Berkeley County 18-C-96)

**J.T. Binion, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Thomas A. Grantham, Jr., pro se, appeals the June 26, 2018, order of the Circuit Court of Berkeley County denying his second petition for a writ of habeas corpus. Respondent J.T. Binion, Superintendent, Huttonsville Correctional Center,[1] by counsel Shannon Frederick Kiser, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the relevant standards of review, the parties' briefs in both appeals, and the record on appeal, the Court finds that a memorandum decision affirming the circuit court's order under Rule 21 of the Rules of Appellate Procedure is appropriate.

On April 23, 2011, petitioner and James Cross argued with Jacques Taylor and Andre Jackson in a bar. Thereafter, petitioner and Mr. Cross followed Mr. Taylor and Mr. Jackson to a gas station. There, petitioner stabbed Mr. Taylor while Mr. Cross stabbed Mr. Jackson as the two victims sat in their car. Mr. Taylor survived the attack; Mr. Jackson died as a result of his injuries. In October of 2011, petitioner and Mr. Cross were jointly indicted and charged with murder, attempted murder in the second degree, malicious assault, and conspiracy to commit murder.

---

[1]Due to petitioner's transfer, the "person having the immediate custody" of him has changed and has been substituted as the respondent. *See* W.Va. Code § 53-4A-5. Additionally, effective July 1, 2018, the positions formerly designated as "wardens" are now designated "superintendents." *See* W.Va. Code § 15A-5-3.

1

Petitioner and Mr. Cross were jointly tried in the Circuit Court of Berkeley County. On June 18, 2012, petitioner was convicted of second-degree murder, attempted murder, and malicious assault but acquitted of the conspiracy charge. The circuit court sentenced petitioner to the statutory terms of incarceration for each of his convictions, to run consecutively, for an aggregate term of forty-three to fifty-three years of incarceration.

Petitioner appealed his convictions and sentences in *State v. Grantham* ("*Grantham I*"), No. 12-1293, 2013 WL 6152080 (W.Va. Nov. 22, 2013) (memorandum decision), raising the following assignments of error: (1) the circuit court erred in denying petitioner's motion to sever his and Mr. Cross's trials; (2) the circuit court erred in prohibiting petitioner's counsel from commenting upon Mr. Cross's silence during closing argument; (3) the circuit court erred in not excluding witnesses' in-court identifications of petitioner as one of the perpetrators; (4) the circuit court erred in not excluding evidence of flight; (5) the circuit court erred in not excluding gruesome autopsy photos; (6) the circuit court erred in not excluding evidence that petitioner possessed knives and box cutters; (7) the evidence at trial was insufficient to prove beyond a reasonable doubt that petitioner committed second-degree murder, attempted murder, and malicious assault; (8) the circuit court erred in giving an erroneous "concerted action" instruction; and (9) the circuit court erred in imposing consecutive sentences. This Court rejected petitioner's arguments and affirmed his convictions and sentences. *Id.* at *2-8.

In 2014, petitioner filed a petition for a writ of habeas corpus in the circuit court. Petitioner was appointed habeas counsel who filed an amended petition on November 5, 2014. In addition, petitioner filed a *Losh* checklist waiving all grounds for relief not raised in the habeas proceeding.[2] In the amended petition, petitioner alleged that (1) petitioner was denied due process of law due to the circuit court's denial of his motion to sever his and Mr. Cross's trials; (2) petitioner was denied due process of law because of an improper "concerted action" instruction; (3) trial counsel provided ineffective assistance; and (4) petitioner was denied an impartial jury given one juror's undisclosed family connection to him.[3] By order entered June 25, 2015, the circuit court found that the issues regarding the denial of petitioner's motion to sever and the "concerted action" instruction were previously and finally adjudicated in *Grantham I*. The circuit court further rejected petitioner's ineffective assistance claim, finding that the supporting allegations set forth in the amended petition were insufficient to entitle petitioner to a hearing on that issue. However, the circuit court required respondent to file a response regarding whether petitioner was denied an impartial jury given one juror's undisclosed family connection to him.

---

[2]In *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we compiled a nonexclusive list of potential grounds that a circuit court should address with a habeas petitioner to ascertain whether each ground was being either waived or raised in the proceeding. *Id.* at 768-70, 277 S.E.2d at 611-12.

[3]Petitioner further alleged that he was denied a fair trial given the cumulative effect of various errors. However, because petitioner failed to show any error, the cumulative error doctrine did not apply. *See State v. Trail*, 236 W. Va. 167, 188 n.31, 778 S.E.2d 616, 637 n.31 (2015).

Subsequently, at a January 19, 2016, evidentiary hearing, the circuit court heard evidence regarding the alleged family connection between petitioner and the juror. By order entered April 5, 2016, the habeas court found that petitioner failed to prove that the juror knew of the distant family connection between petitioner and the juror;[4] that petitioner failed to prove that the juror was prejudiced against petitioner; and that petitioner failed to prove that the jury was tainted by bias or prejudice. Accordingly, the circuit court denied petitioner's habeas petition.

Petitioner appealed the circuit court's June 25, 2015, and April 5, 2016, orders in *Grantham v. Ballard* ("*Grantham II*"), No. 16-0452, 2017 WL 944057 (W.Va. Mar. 10, 2017) (memorandum decision). Petitioner argued that the circuit court erred in rejecting his claim that trial counsel provided ineffective assistance without a hearing on that issue. *Id.* at *4-5. This Court found that the circuit court "did not err in . . . not . . . hold[ing] an evidentiary hearing on [the ineffective assistance] claim." *Id.* at *5. Petitioner further argued that his family connection to the juror was so substantial that the circuit court should have presumed that the juror was prejudiced against petitioner. *Id.* This Court rejected petitioner's argument, finding that that petitioner failed to prove he was prejudiced by the juror's presence on the jury. *Id.* Accordingly, this Court affirmed the June 25, 2015, and April 13, 2016, orders denying habeas relief. *Id.*

On April 9, 2018, petitioner filed a second habeas petition alleging that his claims from the first such proceeding were not fully and finally adjudicated given that an evidentiary hearing was held regarding only the family connection between petitioner and the juror. By order entered June 26, 2018, the circuit court found that all claims raised in the second petition, including the cumulative effect of the various alleged errors, were fully and finally adjudicated and/or waived in either *Grantham I* or *Grantham II*. Accordingly, the circuit court determined that the doctrine of res judicata barred the second petition as a successive petition and denied habeas relief. Petitioner now appeals the circuit court's June 26, 2018, order denying his second habeas petition.

In Syllabus Point 1 of *Anstey v. Ballard*, 237 W. Va. 411, 787 S.E.2d 864 (2016), we held:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

In Syllabus Point 2 of *Losh*, 166 W. Va. 762, 277 S.E.2d 606 (1981), we held, in pertinent part, that "[a] judgment denying relief in post-conviction habeas corpus is *res judicata* on questions of fact or law which have been fully and finally litigated and decided, and as to issues which with reasonable diligence should have been known but were not raised[.]" *Id.* at 762-63, 277 S.E.2d at 608.

---

[4]The juror and petitioner's father were shown to be third cousins.

On appeal, petitioner reiterates the argument he made before the circuit court: that his claims from the first such proceeding were not fully and finally adjudicated given that an evidentiary hearing was held regarding only one of those issues. Respondent counters that the circuit court properly found that all claims raised in the second habeas petition were fully and finally adjudicated and/or waived either in the first such proceeding (*Grantham II*) or in his criminal appeal (*Grantham I*).[5] *See Losh*, 166 W. Va. at 765, 277 S.E.2d at 609 (finding that the doctrine of res judicata bars claims that have been fully adjudicated in the criminal proceeding). We agree with respondent.

Based on our review of the record, we concur with the circuit court's determination that the doctrine of res judicata barred the second petition as a successive petition. Petitioner attempts to evade the application of the doctrine of res judicata by arguing that the circuit court was unclear in its initial order in the first habeas proceeding as to whether the denial of his claim of ineffective assistance of trial counsel was with prejudice. *See id.* at 767, 277 S.E.2d at 610 (finding that a claim of ineffective assistance of trial counsel often must be adjudicated in a collateral proceeding). However, we find that this argument is precluded by our decision in *Grantham II* wherein we rejected petitioner's contention that the circuit court should have held a hearing on his ineffective assistance claim. 2017 WL 944057 at *5. As we explained in *Grantham II*, pursuant to Syllabus Point 1 of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657 (1973), a habeas court may deny a claim "if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief." Therefore, we find that the ineffective assistance claim was previously and finally adjudicated in *Grantham II* and conclude that the circuit court did not abuse its discretion in denying petitioner's second petition as a successive petition.

For the foregoing reasons, we affirm the circuit court's June 26, 2018, order denying petitioner's second petition for a writ of habeas corpus.

Affirmed.

**ISSUED:** December 20, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5]Our memorandum decisions in *Grantham I* and *Grantham II* each constitute an adjudication on the merits. *See In re: T.O.*, 238 W. Va. 455, 464, 796 S.E.2d 564, 573 (2017); *State v. McKinley*, 234 W. Va. 143, 151, 764 S.E.2d 303, 311 (2014).